IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DOMINGO ALEXANDER ANTONIO-ANDRES,

Petitioner,

vs.

MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their Official capacity as Acting Attorney General of the United States; DAVID VENTURELLA, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and CAROLYN SOMMER, in their official capacity as in their official capacity as Acting Warden of McCook ICE Detention Center;

Respondents.

**8:26CV444**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Domingo Alexander Antonio-Andres's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 6 at 3. He entered the United States as a juvenile in June 2016 and was placed in removal. *Id.* at 4. Petitioner was released on his own recognizance. Filing No. 6-2. Petitioner was the rider on an

application for T Nonimmigrant Status filed on January 31, 2020. Filing No. 6 at 4. Immigration proceedings were administratively closed on March 26, 2020, pending adjudication of the T-Visa application. *Id.* USCIS denied the Application for T Nonimmigrant Status on September 28, 2023. *Id.*

Petitioner is presently seeking derivative U-Visa status via a principal U-Visa application filed by his mother on May 20, 2024. *Id.* On September 7, 2024, Petitioner was granted a bona fide determination on his U-Visa application. *Id.* at 5. On April 9, 2026, Petitioner was sentenced for driving under the influence in Douglas County, Nebraska. *Id.* The previous day, an administrative warrant for his arrest by ICE had been issued. Filing No. 6-5 at 1. It appears that at some point in April or May 2026, Petitioner was arrested. *See* Filing No. 6 at 4. On May 4, 2026, an immigration judge re-calendared Petitioner's case. *Id.* The immigration judge held a custody hearing and determined he was without authority to grant Petitioner a bond because Petitioner was detained under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien applicant for admission. Filing No. 6-7 at 1.

On August 7, 2026, an immigration judge held a hearing and ordered Petitioner removed to Guatemala. Filing No. 6-8 at 3. Petitioner reserved appeal, the deadline for which is September 8, 2026. *Id.* at 4. Petitioner's U-Visa application remains pending. The principal application has been approved, Filing No. 7-2 at 10, while Petitioner has been issued a request to provide additional evidence on his derivative application, Filing No. 7-2 at 6–8.

Petitioner seeks his immediate release or a bond hearing, and "an immediate Temporary Restraining order (TRO) enjoining Respondents from executing the August 7, 2026, removal order." Filing No. 1 at 9.

## II. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance in 2016, the government necessarily invoked 8 U.S.C. § 1226. Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A) rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner on his own recognizance. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), the order releasing him on his own recognizance remains operative. This is so even though an immigration judge has ordered Petitioner removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period"

requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Until it becomes final, Petitioner remains subject to the bond provisions of § 1226.

Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Or, should Respondents choose to attempt to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond or conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).

Lastly, the Court addresses Petitioner's request for a "TRO[] enjoining Respondents from executing the August 7, 2026, order of removal." First, the Court finds this issue was not squarely presented. Although Petitioner frames his prayer for relief as an order enjoining removal itself, in the body of the Petition, he only addresses the propriety of an injunction preventing Respondents from continuing to detain him as a U-Visa applicant in possession of a bona fide determination. Filing No. 1 at 8–9. Likewise,

in his reply brief, Petitioner states that the only question is "whether Respondents could extinguish [his] established liberty interest by abruptly revoking his release without notice"; he does not reference premature removal. Furthermore, there is no indication in the record that Respondents intend to remove Petitioner prior to his removal order becoming administratively final once his BIA appeal is concluded. Accordingly, the Court finds the requested injunctive order is unnecessary and would be duplicative of the relief already ordered.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted in part and denied in part as set forth herein.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Should Respondents seek to re-detain Petitioner, they must afford him a prompt bond determination hearing as described herein.
5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on September 2, 2026.**

Dated this 28th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge